UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID RICHARDSON, :
:
    Plaintiff, :
:
v. : Civil Action No. **10 2230**
:
HILDA L. SOLIS, Secretary, :
United States Department of Labor, :
:
    Defendant. :

### MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application, and will dismiss this action with prejudice.

Plaintiff, formerly an employee of the United States Department of Labor, alleges that he was "demoted . . . from a Salary Grade Position GS-13 to a Salary Grade of GS-9 Step-1 'with loss of pay effective immediately'" in 1978 in violation of the Civil Service Reform Act and its implementing regulations. Compl. at 2 (page numbers designated by the Court). He demands "a judgment in his favor, granting him the difference between the pay [he] received . . . and the pay [he] would have [received] each year from 1978 Salary Grade GS-13 Position through the present date." *Id.* at 5.

Generally, a plaintiff is expected to "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." *U.S. Indus., Inc. v. Blake Const. Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (citation omitted). Under the doctrine of *res judicata*, a prior judgment on the merits of a plaintiff's claim bars the relitigation of the claim

1



3

and any other claims that could have been submitted to the Court. *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (*res judicata* bars not only those issues that were previously litigated, but also those that could have been but were not raised); *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously"). It appears that plaintiff already has raised a claim pertaining to his demotion in 1978 and that the Court has ruled against him. *See Richardson v. U.S. Dep't of Labor*, No. 01-1885 (EGS) (D.D.C. Nov. 30, 2001) ("To the extent that plaintiff appears now to allege a claim under the CSRA, which was not asserted in his 1999 complaint, but which is based upon thesame factual allegations as were at issue in that action, this claim is barred by *res judicata*."); *Richardson v. Dep't of Labor*, No. 99-2396 (EGS) (D.D.C. June 23, 2000). Accordingly, because plaintiff's claim is barred by *res judicata,* the Court will dismiss this action.

An Order consistent with this Memorandum is issued separately on this same date.

/s/
United States District Judge

Date: 12-10-10